FILED
United States Court of Appeals
Tenth Circuit

October 12, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EVA AYALLA,

      Plaintiff - Appellant,

v.

UNITED STATES POSTMASTER
GENERAL,

      Defendant - Appellee.

No. 16-3088
(D.C. No. 2:15-CV-07600-JAR-TJJ)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.[**]

---

Plaintiff-Appellant Eva Ayalla, appearing pro se, appeals from the district

court's dismissal of her amended complaint against the United States Postal

Service (USPS) and the district court's denial of her motion to reconsider. Ayalla

v. United States Postal Serv., No. 15-7600-JAR-TJJ, 2015 WL 8334909 (D. Kan.

Dec. 8, 2015), on reconsideration, 2016 WL 497752 (D. Kan. Feb. 8, 2016). Ms.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Ayalla brought claims based upon the Age Discrimination in Employment Act (ADEA), the Equal Pay Act (EPA), and the Fifth and Fourteenth Amendments to the United States Constitution. The district court granted the government's motion to dismiss. The Fifth and Fourteenth Amendment claims were dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The ADEA and EPA claims were dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The district court then granted Ms. Ayalla additional time to respond since, due to a postage error by the USPS, she did not timely receive the motion to dismiss. Upon reconsideration, the district court affirmed its prior order dismissing the suit, and denied as futile Ms. Ayalla's motion to amend her complaint a third time. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

On appeal, Ms. Ayalla challenges only the district court's dismissal of her ADEA claim, a decision we review de novo. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). To survive a motion to dismiss, a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is plausible if there are sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Probability is not the test, but there must be something beyond "a sheer possibility" that the defendant is liable. Id.

Ms. Ayalla argues that she was treated worse than her younger co-workers

during her time working as a custodian for the USPS. Specifically, she alleges that her supervisor assigned her harder, more physically-demanding duties than he gave her co-workers, and that he refused her request to more equitably distribute the workload or to switch her daily outside routes with the indoor routes of another custodian.

To prove a prima facie case of age discrimination, a plaintiff must show, among other things, that she suffered an adverse employment action. Jones v. Oklahoma City Pub. Sch., 617 F.3d 1273, 1279 (10th Cir. 2010). Though we take a case-by-case approach and liberally define it, an adverse employment action generally involves a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Id. (internal quotation marks omitted). Failing to grant Ms. Ayalla's request that another custodian take her outside route, and that she take his inside route due to her physical limitations, does not constitute an adverse employment action because "there is no *change* of circumstances alleged." Ayalla, 2015 WL 8334909, at *2 (emphasis added). We agree with the district court that these circumstances simply do not support an inference of discrimination based upon her age. Id.

Ms. Ayalla also alleges that she was denied overtime pay, whereas other workers received overtime pay for the same number of assignments she

completed.  Even construing this as an FLSA claim, Ms. Ayalla has not alleged sufficient facts to proceed: she does not indicate that she worked in excess of forty hours per week, or that the USPS knew she worked overtime and failed to pay her, or that when she did work overtime that she was not paid for it.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge